UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NORA GEORGE, )<br>)<br>    Plaintiff  )<br>)<br>  vs.      )<br>)<br>JOHNSON & JOHNSON, et al., )<br>)<br>    Defendants ) | CAUSE NO. 3:12-CV-369 RM |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008); Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007). To establish diversity jurisdiction under 28 U.S.C. § 1332, the plaintiff must show the citizenship of each party as of the date the complaint was filed. Thomas v. Guardsmark, LLC, 487 F.3d at 534; Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993). Ms. George hasn't met that burden.

The complaint alleges that "John Doe Corporations 1-50 . . . were engaged in the business of placing medical devices into the stream of commerce by designing, manufacturing, packaging, labeling, and selling such devices[,]" but doesn't identify their citizenship. It also alleges that Ms. George is a resident of Indiana, that defendants Johnson & Johnson and Ethicon, Inc. are "New Jersey corporations" and "did business in Indiana," and that defendants Gynecare Worldwide and Ethicon Woman's Health and Urology are divisions of Ethicon, Inc., which do business in Indiana. The "citizenship" of an individual, however, depends on domicile, not residence, Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012),

and a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business, 18 U.S.C. § 1332(c). "Although a division may, if state law permits, be sued in its own name, *see* FED. R. CIV. P. 17(b)," Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986), its citizenship "is that of the corporation of which it is a part," for purposes of determining diversity. Brunswick Corp. v. Jones, 784 F.2d 271, 275 n.3 (7th Cir. 1986).

    Ms. George hasn't sufficiently identified the citizenship of any of the parties to this litigation, and indeed has defeated federal diversity jurisdiction by naming "John Doe Corporations 1-50" as defendants. *See* Holz v. Terre Haute Regional Hospital, 123 Fed.Appx. 712, 713-14 (7th Cir. 2005); Howell v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997). Although the complaint may be subject to dismissal for those reasons, *see* Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); Holz v. Terre Haute Regional Hospital, 123 Fed.Appx. at 713-14, the court instead affords the plaintiff twenty days from the date of this order within which to remedy the jurisdictional deficiencies by filing an amended complaint.

    SO ORDERED.

    ENTERED:   July 11, 2012

                        /s/ Robert L. Miller, Jr.
                        Judge, United States District Court